FRANK, Judge.
The record in this matter, stemming from a competency/guardianship proceeding conducted pursuant to section 744.331, Florida Statutes (1986), reveals an intra-fa-milial conflict spawning the question of whether a trial court’s determination of incompetency may relate back to the moment when the psychiatric evaluation was undertaken. The pertinent statute provides as follows:
After a judgment adjudicating a person to be mentally or physically incompetent is filed, the person shall, for the duration of the incompetency, be presumed to be incapable of managing his own affairs or of making any gift, contract, or instrument in writing that is binding on him or his estate. The filing of the judgment shall be notice of the incapacity.
§ 744.331(8), Fla.Stat. (1986).
Our research fails to disclose any judicial construction of the foregoing language. Thus, we accord it the meaning we deem *104 compatible with its purpose and vacate only that aspect of the trial court’s October 21, 1986, order finding that Wilna T. Baskin “has been incompetent since April 21-22, 1986, the dates of the initial examination by the court appointed psychiatrists....” It is evident that to construe the statute as permitting a retrospective determination of incompetency would extend the statutory presumption beyond its intended range and expose those who have dealt with the incompetent prior to entry of the judgment to the risk of loss. In short, incapacity due to incompetence does not occur, as the statute states, until the judgment is filed.
In vacating a portion of the October 21, 1986, order, we emphasize that we are not placing our approval upon the conduct of any participant which may ultimately be found improper or unethical. Moreover, the resolution we reach in this proceeding is not to be treated as impairing or foreclosing any challenge permitted by law to events which occurred after April 21, 1986.
Accordingly, that aspect of the trial court’s October 21 order, referred to above, is vacated; in all other respects such order is affirmed.
SCHEB, A.C.J., and THREADGILL, J., concur.